IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL NOVITSKY,<br>　　　　Plaintiff<br><br>　　v.<br><br>CITY OF HAZLETON POLICE<br>DEPARTMENT, CITY OF HAZLETON<br>CODE ENFORCEMENT, MS. NADINE<br>SIST, and CITY OF HAZLETON,<br>　　　　Defendants | No. 3:22cv492<br><br>(Judge Munley) |

## MEMORANDUM

Before the court are two reports and recommendations ("R&Rs") from magistrate judges in this 42 U.S.C. § 1983 ("section 1983") action brought by Plaintiff Carol Novitsky. Plaintiff has filed objections to one of the R&Rs, but has not objected to the other. The R&Rs are ripe for disposition[1].

**Background**

Plaintiff brings this action against the City of Hazleton, its police department, its code enforcement department, and an individual code enforcement officer seeking damages and injunctive relief. Per the allegations in plaintiff's operative second amended complaint (Doc. 36), she is the owner of two residential parcels within the City of Hazleton. (Id. at ¶ 13). Although plaintiff

---

[1] The Honorable Robert D. Mariani transferred this case to the undersigned on November 7, 2023.

now resides in Massachusetts, she kept personal property at these addresses and stayed there during her trips to Hazleton. (Id. at ¶¶ 12, 14-16).

In her second amended complaint, Plaintiff details a series of what she describes as continuing and escalating wrongs perpetrated against her by the defendants beginning in July 2016. (Id. at ¶¶ 16-92). In summary, plaintiff claims that the defendants entered her home on more than one occasion without a warrant or exigent circumstances, threatened her with arrest, issued unsubstantiated municipal code violation notices, and ultimately condemned the properties. (Id.). Per plaintiff's allegations, these actions violated her federal Constitutional rights.

**Jurisdiction**

As the case is brought pursuant to section 1983, the court has jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir.1987). The court may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

**Analysis**

### 1. Plaintiff's Objection Regarding Emergency Injunctive Relief

The first report and recommendation ("first R&R") (Doc. 17) recommends that plaintiff's *pro se* motion for a temporary restraining order or preliminary injunction (Doc. 12) be denied. Plaintiff filed an objection to the first R&R, which is ripe for disposition. (Doc. 21).

On October 17, 2022, plaintiff filed an emergency motion styled as an "order to show cause for preliminary injunction, TRO and default judgment." (Doc 12). In her emergency motion, plaintiff requested a temporary restraining order precluding "defendants in this action from proceeding with the two docketed

cases MJ-11103-CV-0000176-2022 and MJ-11103-CV-0000177-2022, both filed on June 23, 2022 in Luzerne County Magisterial District Court 11-1-03, Hazleton PA to preserve the status quo, and grant [plaintiff's] request for a preliminary injunction." (Id. at 8)(emphasis removed). Plaintiff filed her emergency motion one day prior to the hearings in the state magisterial district court regarding the code violations. (Id. at 2). On October 18, 2022, Magistrate Judge Joseph F. Saporito, Jr. recommended that the emergency motion for injunctive relief be denied. (Doc. 17). Judge Saporito also noted that the motion was both untimely and moot. (Id. at 6).

In her objections to the first R&R, plaintiff indicates that the state magisterial district court hearing went forward as scheduled and that default judgments were obtained against her[2]. (Doc. 21 at 1-2).

The court has construed plaintiff's *pro se* objection liberally, and the sole specific objection raised to the first R&R is the legal reasoning used by the

---

[2] The temporary restraining order or injunction initially sought by plaintiff was to enjoin the defendants from participating in the state magisterial district court proceedings. After the defendants obtained a default judgment in state court, plaintiff modified her request to one that would enjoin the defendants from any future state court actions, such as enforcing the default judgment. (Doc. 21 at 1-2, 6). The court declines to consider plaintiff's request for modified injunctive relief as it is not a proper matter to be raised in objections.

4

magistrate judge, namely the conclusion that her request for injunctive relief was barred by the Anti-Injunction Act[3].

While plaintiff's objection is so noted, her argument about the applicable case law does not alter the magistrate judge's conclusion that plaintiff's request for emergency injunctive relief was untimely and moot, as referenced in the first R&R. (Doc. 17 at 6).  The state magisterial district court hearings at issue have already occurred and default judgments were entered against plaintiff.  As such, the first R&R will be adopted based on portions of its reasoning because plaintiff's request for relief from those hearings are clearly moot.

### 2. Hazleton PD is Not a Proper Institutional Defendant in this Action

The second report and recommendation ("second R&R") (Doc. 50) recommends that the court grant the motion to dismiss plaintiff's second amended complaint filed by Defendant City of Hazleton Police Department ("Hazleton PD"). (Doc. 37).  No objections to the second R&R were filed and the time for such filing has passed.

By way of background, defendants filed motions to dismiss plaintiff's amended complaint concurrent to plaintiff's request for emergency injunctive

---

[3] Section 1983 actions fall within the "expressly authorized" exceptions to the Anti-Injunction Act.  Mitchum v. Foster, 407 U.S. 225, 243 (1972); see also Kennecott Corp. v. Smith, 637 F.2d 181, 186 (3d Cir. 1980). The Mitchum Court's holding, however, did not "question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." 407 U.S. at 243.

5

relief. On July 27, 2023, Magistrate Judge Saporito issued an R&R (Doc. 34), recommending that defendants' motions to dismiss be granted. On August 17, 2023, Judge Mariani adopted the R&R and, among other things, dismissed plaintiff's requests for injunctive relief in her amended complaint. (Doc. 35). Plaintiff was granted leave to file a second amended complaint. (Id. at ¶ 6). Her averments, however, were limited to alleged events occurring on or after March 31, 2020. (Id.). Plaintiff filed a second amended complaint on September 15, 2023. (Doc. 36).

On September 16, 2023, Defendant Hazleton PD filed a motion to dismiss plaintiff's second amended complaint. (Doc. 37). After the matter was fully briefed, Magistrate Judge Martin C. Carlson issued the second R&R (Doc. 50) recommending that the claims against Hazleton PD be dismissed. Plaintiff did not file objections, bringing the case to its present posture.

In the second R&R, Magistrate Judge Carlson recommends dismissing Hazleton PD as a defendant because a municipal subunit is not a proper institutional defendant in a section 1983 action when sued in conjunction with the municipality. See Id. at 7-8 (collecting cases); See also Padilla v. Twp. of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004)("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the

6

police department is merely an administrative arm of the local municipality, and is not a separate judicial entity.") (citation omitted).

After a careful review, the court does not find a clear error on the face of the record nor a manifest injustice, and therefore, the court will accept the second R&R and adopt it in its entirety.

**Conclusion**

For the reasons set forth above, plaintiff's objection will be overruled and the first R&R (Doc. 17) denying plaintiff's motion for a temporary restraining order or injunctive relief (Doc. 12) will be adopted.  The second R&R (Doc. 50) will also be adopted and Defendant Hazleton PD's motion to dismiss (Doc. 37) will be granted.  This matter will be remanded to the magistrate judge for further proceedings.  An appropriate order shall issue.

Date: 12/1/23

JUDGE JULIA K. MUNLEY
United States District Court