IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL NOVITSKY,<br>　　　　Plaintiff<br><br>　　v.<br><br>CITY OF HAZLETON POLICE<br>DEPARTMENT, CITY OF HAZLETON<br>CODE ENFORCEMENT, MS. NADINE<br>SIST, and CITY OF HAZLETON,<br>　　　　Defendants | No. 3:22cv492<br><br>(Judge Munley)<br><br>(Magistrate Judge Carlson) |

## MEMORANDUM

Before the court is a report and recommendation ("R&R") from Magistrate Judge Martin C. Carlson in this 42 U.S.C. § 1983 ("Section 1983") action brought by Plaintiff Carol Novitsky. Despite two extensions of time, plaintiff did not file objections to the R&R. Instead, plaintiff, proceeding *pro se*, filed a "consent motion for leave to file [a] third amended complaint" pursuant to Federal Rule of Civil Procedure 15(a)(2). Plaintiff, however, did not obtain the consent of defendants and the proposed third amended complaint fails to correct numerous flaws previously addressed by the court. Her motion to amend will be denied and the R&R will be adopted.

**Background**

Plaintiff pursues this Section 1983 action against the City of Hazleton, its police department, its code enforcement department, and an individual code

enforcement officer seeking damages and injunctive relief. Per the allegations in plaintiff's second amended complaint (Doc. 36), she is the owner of two residential parcels within the City of Hazleton. (Id. at ¶ 13). Although plaintiff now resides in Massachusetts, she kept personal property at these addresses and stayed there during her trips to Hazleton. (Id. at ¶¶ 12, 14-16).

In her second amended complaint, plaintiff details a series of what she describes as continuing and escalating wrongs perpetrated against her by the defendants beginning in July 2016. (Id. at ¶¶ 16-92). In summary, plaintiff claims that the defendants entered her home on more than one occasion without a warrant or exigent circumstances, threatened her with arrest, issued unsubstantiated municipal code violation notices, and ultimately condemned the properties. (Id.). Per plaintiff's allegations, these actions violated her Constitutional rights.

Some additional procedural history helps explain this matter's present posture. Plaintiff filed her original complaint on March 31, 2022. (Doc. 1). She filed an amended complaint as of right on June 27, 2022. (Doc. 6). Defendants then filed a motion to dismiss the amended complaint. (Doc. 13). The court referred the matter to Chief Magistrate Judge Joseph F. Saporito, Jr.

Magistrate Judge Saporito issued a detailed R&R dated June 27, 2023, regarding the motion to dismiss. (Doc. 34). The R&R ultimately recommended

that plaintiff be granted leave to file an amended complaint against only the City of Hazleton for claims arising after March 31, 2020. (Id. at p. 16–18, 22–27). Although plaintiff failed to identify a policy or custom to establish municipal liability against the City of Hazleton in the amended complaint, the R&R determined that "it [was] not clear that amendment would be inequitable or futile with respect to any claims arising out of conduct occurring with[in] the two-year period preceding commencement of this action." (Id. at p. 18–21). The R&R specifically rejected plaintiff's arguments regarding the continuing violations doctrine, which, per plaintiff, would permit the pre-March 31, 2020 claims to proceed. (Id. at p. 24–26). The R&R also recommended that plaintiff's claims be dismissed as to Defendants Hazleton Police Department, "City of Hazleton Code Enforcement" as duplicative, and in the case of Nadine Sist, the code enforcement officer, duplicative (official capacity) and time-barred (personal capacity). (Id. at p. 16–18, 22–26).

On August 17, 2023, the Honorable Robert D. Mariani adopted the above-discussed R&R. (Doc. 35). Specifically, Judge Mariani's order stated that "**the second amended complaint is limited to claims arising out of conduct occurring on or after March 31, 2020[.]**" (Id. ¶ 6)(emphasis in original).

Despite the roadmap provided by Magistrate Judge Saporito and the clear directive from Judge Mariani (the law of the case), plaintiff nevertheless persisted

with pursuing pre-March 31, 2020 claims against parties other than the City of Hazleton in her second amended complaint. (Doc. 36). On October 5, 2023, defendants filed a renewed motion to dismiss, which was referred to Magistrate Judge Carlson. (Doc. 41). Judge Mariani then transferred this matter to the undersigned on November 7, 2023.

On April 29, 2024, the magistrate judge issued the R&R presently before the court. (Doc. 54). He recommends that the motion to dismiss plaintiff's second amended complaint be granted after revisiting many of the same areas of the law previously addressed regarding the amended complaint. (Id. at 12–23). Furthermore, Magistrate Judge Carlson detailed again how plaintiff failed to plead facts supporting a Section 1983 against the City of Hazleton under a policy-or-custom strand of municipal liability. (Id. at 23–25). The magistrate judge likewise addressed claims in the second amended complaint against Sist, concluding that, although ambiguously raised, plaintiff's post-March 31, 2020 allegations for violations of the Due Process Clause and the Fourth Amendment failed to state a claim. (Id. at 26–29).

Objections to the R&R were due on May 14, 2024. Citing her religious observances, work obligations, and difficulties "verifying information needed for a necessary accompanying document[,]" plaintiff requested two extensions of time to file objections to Magistrate Carlson's R&R. (Docs. 55, 57). The court granted

the extensions, (see Docs. 56, 58), but plaintiff did not file objections by the deadline of June 3, 2024. Rather, in the early morning hours of June 4, 2024, plaintiff filed a third amended complaint, (Doc. 59), and the above-mentioned "consent motion for leave to file [a] third amended complaint[.]"[1] (Doc. 60). This matter is now ripe for a decision.

**Jurisdiction**

As the case is brought pursuant to Section 1983, the court has jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

---

[1] Under the Rules of Court for the Middle District of Pennsylvania, "[w]hen a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed. . .in the Electronic Filing System[] **as an attachment to the motion.**" M.D. PA. L.R. 15.1(a) (emphasis added). Additionally, "[t]he party filing the motion [to amend]. . shall provide: (1) the proposed amended pleading as set forth [in Local Rule 15.1(a)], and (2) a copy of the original pleading in which stricken material has been lined through and **any new material has been inserted and underlined or set forth in bold-faced type.**" M.D. PA. L.R. 15.1(b) (emphasis added).

Plaintiff did not attach a copy of the third amended complaint to the motion to amend in violation of Rule 15.1. Rather, she filed it as a separate document in the ECF. Additionally, plaintiff did not comply with the requirements of Rule 15.1(b). Per plaintiff however, "[t]he new, added material will be with entries approximately 92 to 145, in the Background section. Otherwise the document is identical to the Second Amended Complaint except for very minor edits." (Doc. 60).

**Legal Standards**

### 1. Reports and Recommendations

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir.1987). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

### 2. Motions to Amend

Leave of the court or consent of the defendants is required under Federal Rule of Civil Procedure 15(a)(2) when a party seeks to amend a pleading outside of the timeframe when Rule 15(a)(1) allows one amendment as a matter of

course. Despite labelling her motion to amend as a "consent motion," plaintiff did not obtain the consent of the defendants. Under Rule 15(a)(2), however, courts are instructed to "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

Leave to amend should be freely given absent any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" Foman v. Davis, 371 U.S. 178, 182 (1962).

"In assessing futility [of amendment], the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)(citation and internal quotation marks omitted). "By adhering to a Rule 12(b)(6) standard, the court is assured that any new claims, without true merit, will fail." Provenzano v. Integrated Genetics, 22 F.Supp.2d 406, 411 (D.N.J. 1998) (citations omitted).

The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial

7

plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

**Analysis**

    **1. The Report and Recommendation**

After a careful review, the court does not find a clear error on the face of the record nor a manifest injustice, and therefore, the court will accept Magistrate Judge Carlson's R&R and adopt it in its entirety. Consequently, defendants' motion to dismiss the second amended complaint will be granted.

    **2. Plaintiff's Motion to Amend**

Plaintiff seeks leave to file a third amended complaint. (Doc. 60). She argues:

> these amendments are necessary here not only to display Defendants' continuing actions during 2023 in the mode of the actions described in the first [doc. 6] and second [doc. 36] Amended Complaints, but to give a deeper view of the formal "continuing action" issue/concept as discussed in Plaintiff's upcoming Response to the Report and Recommendation [doc. 54]. Otherwise the Court will see an inaccurate picture of the case, almost as if truncated in 2022.
>
> The new, added material will be with entries approximately 92 to 145, in the Background section. Otherwise the

8

> document is identical to the Second Amended Complaint except for very minor edits.

(Id.)

Yet, the proposed pleading suffers from the same deficiencies noted by Judge Mariani, Magistrate Judge Saporito, and Magistrate Judge Carlson regarding: 1) time-barred claims; 2) judicial abstention from setting aside state court default judgments for housing code violations; 3) duplicative, improper defendants; and 4) deficient fact pleading in articulating a municipal liability claim against the City of Hazleton or a Section 1983 claim against Sist in her individual capacity. To the extent that the proposed third amended complaint violates the law of case and represents plaintiff's second repeated failure to cure deficiencies, the motion to amend will be denied.

Moreover, the new facts in the proposed third amended complaint likewise fail to identity a municipal policy or custom integral to a Section 1983 claim against the City of Hazelton and fail to state a claim against Sist in her individual capacity. These new facts address the sale of one of the two residential parcels on September 21, 2023 by plaintiff and the inspection of that premises by the city pursuant to a city ordinance that was triggered by that sale. (Id. ¶¶ 92-146). Per plaintiff, two code officers (and not Sist) arrived at the premises on that date and plaintiff admits she was unable to "clean or neaten up the property" or address a "mess of upset boxes in the house" apparently created by a burglar. (Id. ¶¶ 94-

9

96). Observing these boxes of academic papers scattered around filing cabinets, one of the code enforcement officers allegedly asked plaintiff, "[a]re you a hoarder?" and authored a report provided to the buyer that the house contained a hoarding situation. (Id. ¶¶ 95, 98-100, 102-104, 107). After the sale, that code enforcement officer allegedly interfered in the private agreement between plaintiff and the new owner permitting plaintiff to repack her belongings at the premises to move into a storage unit or into the adjacent parcel that plaintiff still owned. (Id. ¶¶ 113-145). Allegedly, pressure from this non-party Hazleton code enforcement officer caused the new owner to give plaintiff difficulties in emptying the property of her belongings before he began structural repairs, and the new owner has or may have disposed of items dear to the plaintiff. (Id. ¶ 129).

Although these new paragraphs advise the court of a situation deserving empathy and understanding, they fail to state a cognizable or plausible Section 1983 claim against the city or the code enforcement officer in her individual capacity. Plaintiff's proposed amendments are futile and the motion to amend will be denied. Additionally, because plaintiff has attempted a third amendment and failed and previous court rulings have addressed repeated failures to state a claim, this action will be dismissed without leave to amend. See Forman 371 U.S. at 182; Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)(setting forth the rule that plaintiffs who file complaints subject to dismissal

under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile)

**Conclusion**

For the reasons set forth above, Magistrate Judge Carlson's R&R (Doc. 54) will be adopted in its entirety. Defendants City of Hazleton, City of Hazleton Code Enforcement and Nadine Sist's motion to dismiss (Doc. 41) will be granted. Plaintiff's motion to amend (Doc. 60) will be denied. Plaintiff's repeated failures to correct deficiencies and persistence in pleading futile claims results in further leave to amend not being granted. Accordingly, this action will be dismissed, and the Clerk of Court will be directed to close this case. An appropriate order follows.

Date: 6/4/24

JUDGE JULIA K. MUNLEY
United States District Court

11